Filed 9/2/20  P. v. Leon CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADAN RODRIGUEZ LEON,<br><br>    Defendant and Appellant. | G058881<br><br>(Super. Ct. No. 15CF0763)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

In 2017 Adan Rodriguez Leon was convicted of first degree murder, a violation of Penal Code section 187, subdivision (a).[1] The jury also found as alleged, that Leon had personally used a firearm when he committed the murder pursuant to section 12022.53, subdivision (d). The trial court thereafter sentenced Leon to 50-years-to-life in prison. Leon appealed.

We affirmed the conviction in 2019. (*People v. Leon* (July 10, 2019, G054854) [nonpub. opn.].) We reversed the sentence, however, and remanded the case to the trial court with directions that it exercise its discretion with respect to striking or dismissing the firearm enhancement since the Legislature provided trial courts with such discretion in 2018, before Leon's case was final. After the remand, Leon's trial counsel filed a new sentencing brief in which he urged the trial court to dismiss the firearm enhancement. The People responded with opposition to the motion. The court conducted a hearing on the issue in February 2020. At the conclusion of that hearing, the trial judge declined to strike or dismiss the enhancement. Leon filed a notice of appeal from that judgment. That is the appeal currently before us.

We appointed counsel to represent defendant on appeal. After conducting his analysis of potential appellate issues, appointed counsel informed us in a declaration that a staff attorney at Appellate Defenders, Inc. had also reviewed the record. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against Leon, counsel set forth the facts of the case and advised us he was unable to find an issue to argue on his client's behalf. Leon was given the opportunity to file written argument on his own behalf; he has not done so.

---

[1] All other statutory references are to the Penal Code.

**FACTS**

We need not discuss the facts underlying Leon's murder conviction at any length since we have already affirmed it and that conviction is not the subject of this appeal. Suffice it to say, Leon shot and killed a man who was dating his sister. The apparent motivation for the shooting was anger generated in Leon over the fact that his victim had taken some of Leon's tools. At trial, Leon claimed the shooting was done in self-defense. The jury rejected the claim and convicted him of first degree murder.

This appeal arises from the fact that, after affirming his conviction in our prior opinion, we remanded the case for resentencing on the firearm enhancement. After conducting the appropriate hearing, the trial judge elected not to strike or dismiss the enhancement and thereafter again sentenced Leon to 50-years-to-life in prison.

The trial judge explained in some detail her reasons for declining to strike or dismiss the gun enhancement:

"In deciding whether to exercise our discretion under Penal Code Section 1385 to strike a gun enhancement in this case in the furtherance of justice, the Court looks to the factors used by the Court in [*People v. Superior Court (Romero)* (1996) 13 Cal4th 497] in deciding whether or not to strike a prior strike allegation. And those factors include, first, the nature and circumstances of the defendant's current crime. [¶] . . . [¶]

"The nature of the current offense. Nothing could be more serious. The defendant armed himself with a gun and went to the victim's residence to carry out his plan of confronting the victim about the burglary and stolen tools. Clearly, the defendant was prepared to kill if the confrontation escalated. [¶] . . . [¶] [T]he video of the incident, as this Court recalls, clearly showed that the victim's actions were insignificant in comparison to the defendant's response which was vicious and cold-blooded.

"The victim had backed up and was setting his beer down and had both arms out, holding no weapon, when the defendant pulled out his gun and shot the victim,

3

not just once, but four times in broad daylight. The murder was deliberate and premeditated. After the murder, defendant fled the scene and eventually to Mexico. [¶] . . . [¶]

"As to the second factor, the defendant's prior convictions, the Court again finds that the defendant does have a prior record, a criminal record, as a juvenile and as an adult of increasing criminal conduct. Prior to committing this crime he had served four prior separate terms in state prison. And his performance on probation and parole was unsatisfactory, incurring several violations, even committing crimes while in prison, possessing and smuggling heroin into prison.

"As to the final factor under *Romero*, the defendant's background, character, and prospects. According to the Probation & Sentencing Report, there was nothing in the defendant's upbringing to excuse the current crime or any of his previous crimes. . . .

"As for character, to this day the defendant still has not expressed any remorse for his crime. . . ."

After conferring with his counsel, Leon then offered an apology and an expression of remorse. This was quickly followed by the court's ruling:

"Based on the findings that I just made, under those factors I do not find that it would be in furtherance of justice to strike the gun enhancement under 12022.53(d) in this case; and, therefore, I am going to deny your request."

**DISCUSSION**

After reviewing the record and coming up empty with respect to any viable appellate issue, counsel requested that this court conduct its own independent review. We have done so and, like counsel, have not found an arguable issue on appeal.

In his brief, counsel suggests that we consider "(1) Whether the Superior Court abused its discretion in denying appellant's motion to dismiss the firearm

4

enhancement under Penal Code section 12022.53, subdivision (h)? [and] (2) Whether the Superior Court had discretion to reduce the enhancement from twenty-five to ten years?"

We have considered both issues suggested by counsel. We find neither to be well taken. First, the hearing conducted by the trial judge, reported in part above reflects no abuse of discretion. To the contrary, the hearing complied with all legal requirements. Despite the passage of time, the court seemed to recall the case facts and it clearly understood the applicable law. Unfortunately for Leon, the facts of his case left his counsel little room to maneuver. This was a first degree murder committed in broad daylight by a man with a handgun who had four prior felony convictions that caused him to serve separate prison sentences.

As for the possibility that the court might have reduced the firearm enhancement sentence from 25 years to 10 years, on remand we did not provide for that option. Our instructions were clear: "If the trial court elects not to strike or dismiss the firearm enhancement, then it is directed to resentence Leon for the firearm enhancement. (§ 12022.53, subd. (d).)" The statutory sentence for that enhancement is 25-years-to-life. That is the sentence the trial court imposed. There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.



                                                    GOETHALS, J.

WE CONCUR:



IKOLA, ACTING P. J.



THOMPSON, J.